IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER E. YOUNG, #N-00345,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**SGT. EOVALDI, LT. VEATH,** )<br>**NINHT SCOTT, DAVID TINDALL,** )<br>**JOHN DOES #1–5,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 13-702-GPM** |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Christopher Young, an inmate currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 12-year sentence and an 11-year sentence for two aggravated criminal sexual assault convictions. Plaintiff claims that while he was incarcerated at Menard Correctional Center ("Menard"), Defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care. Plaintiff also asserts claims against Defendants for inhumane conditions of confinement, excessive force, retaliation and violation of his due process rights. Plaintiff seeks injunctive relief, monetary damages, and a prison transfer.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief

may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Plaintiff's complaint focuses on an assault he experienced on March 24, 2012 and the events leading up to it (Doc. 1, pp. 10-12).

According to Plaintiff, during intake after he arrived at Menard, an unnamed officer warned Plaintiff not to try the "whiney bullshit" he tried at Pinckneyville Correctional Center (Doc. 1, p. 7). Plaintiff also alleges that during intake he suffered an adverse drug reaction. *Id.* As a result, he was placed on crisis watch and assigned to Cell #506 in Menard's North 2 Cell House. *Id.* Plaintiff complained to several correctional officers about the conditions of Cell #506 (Doc. 1, p. 8). According to Plaintiff, the walls and toilet were covered in fecal matter, the cell and mattress smelled of urine, the mattress cover was missing, and hot water seeped from the sink onto the cell floor (Doc. 1, pp. 7–8). Plaintiff asked a gallery correctional officer to move him to a functioning cell, but his request was denied (Doc. 1, p. 8). Plaintiff also complained to a duty sergeant who reminded Plaintiff that he had been warned not to cause problems when he arrived at Menard. *Id.* Plaintiff told the sergeant that he considered his placement in the cell to be retaliatory and to constitute "cruel and unusual treatment." *Id.* The sergeant told Plaintiff to shut up. *Id.* Plaintiff was subsequently denied access to his personal property and medication "for a period of weeks" (Doc. 1, p. 8). This included his prescribed medication, asthma inhalers, and a fan, which Plaintiff claims he needed because of his asthma. *Id.*

Plaintiff also alleges that on March 16, 2012, a sergeant[1] and a nurse came by his cell to give Plaintiff his medications and his food tray (Doc. 1, p. 9). Because Plaintiff moved too slowly

---

[1] Plaintiff alleges that this sergeant worked from 11:00-7:00 on March 16, 2012 (Doc. 1, p. 9).

to his cell door to take his medication, he was denied a food tray. *Id.* The next morning Plaintiff received a disciplinary ticket for the incident. *Id.* According to Plaintiff, the ticket contained a false charge that Plaintiff had spat on the sergeant. *Id.*

At the hearing before Menard's Adjustment Committee, Defendants Veath and Scott found Plaintiff guilty of the violation. *Id.* According to Plaintiff, Defendants Veath and Scott did not consider any facts that Plaintiff tried to present or Plaintiff's mental health status. *Id.* Plaintiff was given a year of segregation, C-grade status, no visits, and no commissary (Doc. 1, p. 10). It was also ordered that Plaintiff was to be transferred to Pontiac. *Id.*

Before Plaintiff was transferred to Pontiac, Plaintiff alleges that Defendant Eovaldi, a sergeant at Menard, and unknown lieutenant (John Doe #1), and four unknown correctional officers (John Does #2–5) attacked him on March 24, 2012. *Id.* According to Plaintiff, while the unknown lieutenant stood watch, Defendants Eovaldi and the four unknown correctional officers entered Plaintiff's cell, knocked him to the floor with a security shield, and assaulted him (Doc. 1, p. 10). Plaintiff claims they beat, kicked, and punched Plaintiff in the head, face, and body. *Id.* They dragged Plaintiff, cuffed and naked, to a secure location, kicking and smacking him along the way. *Id.* Plaintiff also claims that they stuck pens and other objects into Plaintiff's eyes, ears, nose, and throat. *Id.* According to Plaintiff, the attack lasted for at least twenty minutes. *Id.*

The Defendants then called a medical staff member to examine Plaintiff (Doc. 1, p. 11). When Defendant Eovaldi stated that Plaintiff previously assaulted another staff member, the medical staff member laughed and said that Plaintiff was free to return to his cell. *Id.* Plaintiff now suffers from back and neck numbness, migraine headaches, hearing loss, bruises, cuts, general pain, and emotional distress (Doc. 1, p. 12).

Following the assault, Plaintiff was issued a second disciplinary ticket (Doc. 1, p. 11). At the ARB hearing, Defendants Veath and Scott again found Plaintiff guilty. *Id.* Plaintiff claims he was not given a fair hearing and denied due process. *Id.*

## DISCUSSION

Accepting Plaintiff's allegations as true, the Court finds it convenient to divide the complaint into six counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by the judicial officer of this Court.

> **Count 1: Eighth Amendment claim for use of excessive force.**
>
> **Count 2: Eighth Amendment claim for failure to protect Plaintiff.**
>
> **Count 3: Eighth Amendment claim for inhumane conditions of confinement.**
>
> **Count 4: First Amendment retaliation claim.**
>
> **Count 5: Eighth Amendment claim for deliberate indifference to serious medical need.**
>
> **Count 6: Fourteenth Amendment due process claim.**

### Count 1 – Excessive Force

Accepting Plaintiff's allegations as true, the Court finds that he has a colorable Eighth Amendment excessive force claim (Count 1) against Defendants Eovaldi and John Does #2–5 for the assault on March 24, 2012. However, Plaintiff shall not be allowed to proceed on Count 1 against Defendants Veath, Scott, Tindall, and John Doe #1. According to the Seventh Circuit, "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). The complaint sets forth no

allegations suggesting that Defendants Veath, Scott, Tindall, or John Doe #1 were personally involved in Plaintiff's assault. Defendants Veath and Scott are mentioned exclusively in connection with Plaintiff's hearings before the ARB. Defendant Tindall is not mentioned in the body of the complaint at all. Finally, Defendant John Doe #1 stood by passively during the assault, giving rise to a separate claim for failure to protect Plaintiff. For these reasons, Plaintiff shall be allowed to proceed on Count 1 against Defendants Eovaldi and John Does #2–5.

**Count 2 – Failure to Protect**

The Court also finds that Plaintiff has a colorable failure to protect claim (Count 2) against Defendant John Doe #1 for failing to intervene in Plaintiff's assault. Plaintiff has not alleged that any other defendant was personally involved in failing to protect him. Accordingly, Plaintiff shall be allowed to proceed on Count 2 only against Defendant John Doe #1.

**Count 3 – Conditions of Confinement**

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff states a colorable Eighth Amendment claim regarding the conditions of his confinement. Unsanitary conditions similar to those described by the Plaintiff here have been found to state a claim under the Eighth Amendment. *See Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989). However, it appears to the Court that the individuals whom Plaintiff has alleged were aware of the conditions and did nothing to remedy the situation—the gallery corrections officer and the duty sergeant—are not listed as Defendants. It could also well be that the indivduals are named two of the nine alleged Defendants, but it is not fair to the Court or the Defendants to have to guess which ones Plaintiff is accusing. As such, Count 3 shall be dismissed, but without prejudice. Plaintiff

shall be given leave to correct this defect.

**Count 4 – Retaliation**

Accepting Plaintiff's allegations as true, the Court finds that he has failed to state a retaliation claim (Count 4) against any defendants. Plaintiff mentions retaliation only in connection with his placement in Cell #506. Plaintiff alleges that the duty sergeant told him to shut up after he complained about his placement in Cell #506 and its conditions. Additionally, it is not clear whether Plaintiff intended to bring a claim for retaliation related to his assault.

Nevertheless, Plaintiff's allegations fail to state a cognizable claim for retaliation for either incident. In the prison context, where an inmate alleges retaliation, it is not enough to simply state the cause of action. The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Id.* Plaintiff's complaint satisfies neither requirement. He has not set forth those acts which constitute retaliation or the reason for the retaliation. Likewise, Plaintiff has not alleged that the duty sergeant assigned him to Cell #506 or that he was assaulted in retaliation for exercising any protected right. As such, Plaintiff's retaliation claim fails. Count 4 shall be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**Count 5 – Deliberate Indifference to Serious Medical Need**

Accepting Plaintiff's allegations as true, the Court finds that he has failed to state an Eighth Amendment deliberate indifference to serious medical needs claim (Count 5) against any

defendant. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *See, e.g., Farmer v. Brennan*, 511 U.S. 825 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To maintain a claim for deliberate indifference to a serious medical need, the plaintiff must demonstrate that he is suffering from an "objectively, sufficiently serious" medical condition, and that prison officials "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Plaintiff's complaint fails to meet either prong of this test with respect to any of the Defendants. Plaintiff's complaint mentions no medical issues in connection with Defendants Veath and Scott, and he fails to mention Defendant Tindall in the body of his complaint at all. Further, although Defendants Eovaldi, John Doe #1, and John Does #2–5 were involved in other Eighth Amendment violations, Plaintiff alleged that they immediately secured medical attention for him following the assault. The complaint contains no allegations that Plaintiff subsequently alerted Defendants to a serious medical need or that Defendants responded to these needs with deliberate indifference. Accordingly, Count 5 shall be dismissed with prejudice.

## Count 6 – Due Process

Plaintiff has failed to state a due process claim (Count 6) against Defendants Veath and Scott, or any other defendant for that matter. Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided advance written notice of the charge, an opportunity to present testimony and other evidence at a hearing before an impartial decision-maker, and a written explanation for the decision that is supported by "some evidence." *Wolff v. McDonnell,* 418 U.S. 539, 564–66 (1974).

In the complaint, Plaintiff does not include sufficient facts to suggest that any violation of his right to due process occurred. His allegations are simply too vague to form an arguable basis for this claim. Although Plaintiff's due process claim in this § 1983 action shall be dismissed, it is worth emphasizing that a loss of good conduct credit does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. However, Plaintiff cannot challenge the loss of good conduct credit through a § 1983 action until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994). The complaint does not suggest that Plaintiff has had the disciplinary decision invalidated. Therefore, he must first seek return of his good time through state remedies and/or via a federal habeas corpus action before he can state a § 1983 claim on these allegations. Accordingly, Count 6 shall be dismissed without prejudice.

**Defendant Tindall**

Finally, Defendant Tindall shall be dismissed from the action, because Plaintiff failed to include any allegations against him in the body of the complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendant Tindall will be dismissed from this action with prejudice.

**Discovering the Names of the Menard Correctional Staff Defendants**

It is impossible to pursue a claim against unidentified defendants. *See K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997) (noting that Eighth Amendment deliberate indifference claim requires identification of the culprits because the claim fails "[w]ithout minds to examine"). Thus, Plaintiff must discover the names of the unknown Menard correctional officer defendants, in order to pursue his claims against them. Plaintiff has been allowed to proceed against Defendant Eovaldi, who is a Menard correctional officer. Defendant Eovaldi shall be served with a copy of this complaint. Plaintiff can seek to identify the unknown Menard correctional officer defendants through discovery. Once Plaintiff discovers the names of Defendants John Does #1–5, he must amend his complaint to include the actual names of the currently unknown defendants, and all defendants will be served with the summons and amended complaint.

## DISPOSITION

The Clerk is **DIRECTED** to rename Defendant "Unknown Party 1" as "John Doe #1" and rename "Unknown Party 2" as "John Doe #2," "John Doe #3," "John Doe #4," and "John Doe #5."

**DEFENDANTS VEATH, SCOTT, and TINDALL** are **DISMISSED** with prejudice from this action.

**COUNTS 4 and 5** are **DISMISSED** with prejudice and **COUNT 6** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**COUNT 3** is **DISMISSED** without prejudice. Should Plaintiff wish to proceed on the conditions of confinement claim in **COUNT 3**, he shall file his First Amended Complaint, stating any facts which may exist to support his claim and naming the individual Defendant(s) directly responsible for the alleged actions in Count 3, within 35 days of the entry of this order (on or

before September 27, 2013). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Therefore, the amended complaint must include the allegations designated above as Counts 1, 2, 3, which shall receive further consideration. However, it shall not include any of the claims dismissed in Counts 4, 5, and 6 above. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of Count 3 becoming a dismissal with prejudice. In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

As to **COUNTS 1, 2** and **3,** the Clerk of Court shall prepare for **DEFENDANT EOVALDI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall

furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Service shall not be made on the Unknown Party Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including expedited discovery aimed at identifying Defendants Unknown Parties #1-#3.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.   Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   August 23, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge