IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER E. YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-702-GPM-DGW |
| ) | |
| SGT. EOVALDI, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Recruitment of Counsel filed by Plaintiff, Christopher E. Young, on September 4, 2013 (Doc. 14) and the Motion to Execute Service Upon Defendant filed by Plaintiff on September 12, 2013 (Doc. 16). The Motion for Recruitment of Counsel is **DENIED** and the Motion to Execute Service is **DENIED WITHOUT PREJUDICE**.

Plaintiff's first Motion for Recruitment of Counsel was denied without prejudice and Plaintiff was instructed to complete a form Motion for the Court's consideration. Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a

determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656.

While Plaintiff has made some attempt to acquire counsel an attorney will not be recruited in this matter. The Court notes that Plaintiff is not unfamiliar with federal litigation, having filed numerous lawsuits in this district since 1990. This Court also recently denied a Motion for Recruitment of Counsel in another pending case in this district, *Young v. Camp, et al.,*, 3:13-cv-553-GPM-DGW. In both the current motion and the motion filed in the other case, Plaintiff represents that he is "not currently represented (and have not been represented previously) by an attorney appointed by this court in this or any other civil or criminal proceeding before this court." However, in a case in this district, captioned *Young v. Peters, et al.,* 3:92-cv-359-GBC, Plaintiff was appointed counsel. While Plaintiff may not remember such an appointment, it is imperative that Plaintiff provide accurate information to the Court in order for this Court to assess such requests. In any event, this Court again finds that Plaintiff is capable of prosecuting this matter without the assistance of counsel. Plaintiff is not unfamiliar with litigation, he is capable of following directions, and this matter does not appear to be overly complicated. Counsel will not be recruited.

With respect to service of "Lt. Page," Plaintiff must file an amended complaint naming Lt. Page as a Defendant and replacing instances of John Doe 1 with his name. Once such an amended complaint is filed, service can be effected. Plaintiff is **GRANTED** leave to file a Second Amended Complaint identifying Lt. Page as a Defendant by **October 25, 2013**.

**IT IS SO ORDERED.**

**DATED: October 11, 2013**

                                          **DONALD G. WILKERSON**
                                          **United States Magistrate Judge**