IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER E. YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-702-NJR-DGW |
| ) | |
| SGT EOVALDI, LT. PAGE, C/O C. ) | |
| MCCLURE, C/O GUTREUTER, and C/O B. ) | |
| LIVEINGSTON ) | |
| | |
| Defendants. | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Court find that Plaintiff has failed to exhaust his administrative remedies with respect to Defendants C/O C. McClure, C/O Gutreuter, and C/O B. Liveingston and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, Christopher Young, filed a Complaint on July 18, 2013 alleging claims related to his incarceration at the Menard Correctional Center. He alleged that Defendants failed to provide adequate medical care, inhumane conditions of confinement, excessive force, retaliation, and due process violations. Pursuant to a screening Order (Doc. 71) he is proceeding on the

following claims:

>Count 1: Excessive force by Defendant Sgt. Eovaldi, C/O C. McClure, C/O Gutreuter, and C/O B. Liveingston, related to an assault on March 24, 2012.

>Count 2: Failure to Protect against Lt. Page for failing to intervene in the March 24, 2012 assault.

Defendants Eovaldi and Page (the only Defendants who have been served in this matter) have filed a Motion for Summary Judgment arguing that Plaintiff failed to exhaust his administrative remedies as to the claims made in the Third Amended Complaint (Doc. 47). Plaintiff filed a response on July 18, 2013 (Doc. 62). In this response, Plaintiff does not address Defendants' arguments but only indicates that he requires additional discovery. In reply, Defendants indicate that some of the discovery sought by Plaintiff was on the merits. They also indicate that they responded to discovery requests regarding exhaustion on July 22, 2014 (Doc. 63). Plaintiff also submitted a number of documents that include letters and a grievance dated May 9, 2012 (Doc. 64, p. 2). A hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) was held on August 1, 2014 in which Defendants Eovaldi and Page appeared by counsel and Plaintiff appeared by videoconference.

September 2, 2014, this Court issued a Report and Recommendation that Defendants' Motion for Summary Judgment should be granted and that the claims against Eovaldi and Page should be dismissed without prejudice for the failure to exhaust administrative remedies (Doc. 73). That Report and Recommendation found a number of facts which are hereby incorporated as if fully set forth herein. Of particular importance is the finding that Plaintiff did not file any grievance related to the claims in this lawsuit. This finding applies with equal force to the claims made against C/O C. McClure, C/O Gutreuter, and C/O B. Liveingston.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 56(f) provides that "[a]fter giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant." C/O C. McClure, C/O Gutreuter, and C/O B. Liveingston are "nonmovants" in that they have not been served with process, have not entered an appearance, and are not listed as moving Defendants in the Motion for Summary Judgment filed by Defendants Eovaldi and Page (Doc. 47). Defendants Eovaldi's and Page's arguments, however, apply with equal force to the claims made against C/O C. McClure, C/O Gutreuter, and C/O B. Liveingston. The Motion argues, and this Court found, that Plaintiff submitted *no* grievance addressing the claims made in the Third Amended Complaint. At the *Pavey* hearing, Plaintiff represented that he filed multiple grievances, regarding the March 24, 2012 incident, which garnered no response. This Court found that Plaintiff is not credible in his claim that he submitted grievances regarding any of the claims made in the Third Amended Complaint. Defendants' Motion, then, provides sufficient notice that Plaintiff failed to exhaust with respect to all Defendants. *See Celotex Corp.*, 477 U.S. at 326 ("district court are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that she had to come forward with all her evidence"). This Report and Recommendation also provides notice to Plaintiff, and an opportunity to respond, that summary judgment may be granted in favor of C/O C. McClure, C/O Gutreuter, and C/O B. Liveingston. Accordingly, this Court finds and concludes that Plaintiff has not exhausted his administrative remedies as to C/O C. McClure, C/O Gutreuter, and C/O B. Liveingston for the reasons set forth above and in the Report and Recommendation filed on September 2, 2014 (Doc. 73).

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claims against C/O C. McClure, C/O Gutreuter, and C/O B. Liveingston by **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:  September 2, 2014**

                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**