IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER E. YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:13-CV-702-NJR-DGW |
| | ) |
| SGT EOVALDI, LT. PAGE, C/O MCCLURE, C/O GUTREUTER, and C/O B. LIVEINGSTON, | ) ) ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, Christopher Young, alleges claims related to his incarceration at Menard Correctional Center. Plaintiff is proceeding on the following claims: 1) Excessive force by Defendants Sgt. Eovaldi, C/O C. McClure, C/O Gutreuter, and C/O Liveingston, related to an assault on March 24, 2012; and 2) Failure to Protect against Lt. Page for failing to intervene in the assault on March 24, 2012. The case comes before the Court on two Report and Recommendations entered on September 2, 2014, by Magistrate Judge Donald G. Wilkerson (Docs. 73 & 74).

In the first Report and Recommendation (filed at Document 73), Magistrate Judge Wilkerson recommends that the Motion for Summary Judgment on Exhaustion of Administrative Remedies filed by Defendants Kevin Page and Frank Eovaldi (Doc. 47) be granted and that the claims against Defendants Page and Eovaldi be dismissed

without prejudice. Specifically, Magistrate Judge Wilkerson noted that Plaintiff did not file an administrative grievance related to the claims pursued in this suit.

In the second Report and Recommendation (filed at Document 74), Magistrate Judge Wilkerson recommends that the claims against C/O C. McClure, C/O Gutreuter, and C/O B. Liveingston be dismissed without prejudice. C/O C. McClure, C/O Gutreuter, and C/O B. Liveingston are nonmovants, in that they have not been served with process, have not entered an appearance, and are not listed as moving Defendants in the Motion for Summary Judgment filed by Defendants Eovaldi and Page discussed above. However, Magistrate Judge Wilkerson found that Plaintiff did not file an administrative grievance related to any of the claims pursued in this suit.

The parties were informed that their deadline for objecting to Magistrate Judge Wilkerson's Report and Recommendation was September 19, 2014—a date that has come and gone. Because no party has filed an objection, the undersigned need not undertake *de novo* review. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

The undersigned accordingly **ADOPTS** in its entirety Magistrate Judge Wilkerson's Report & Recommendations (Docs. 73 & 74) and rules as follows: The Court **FINDS** that Plaintiff has failed to exhaust his administrative remedies with

respect to both claims in this matter. Therefore, Defendants' Motion for Summary Judgment on Exhaustion of Administrative Remedies (Doc. 47) is **GRANTED**, and the claims against Defendants Lt. Page, Sgt. Eovaldi, C/O C. McClure, C/O Gutreuter, and C/O B. Liveingston are **DISMISSED without prejudice**. The Clerk of Court is hereby **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    DATED:   September 23, 2014

                                                *s/ Nancy J. Rosenstengel*
                                                **NANCY J. ROSENSTENGEL**
                                                **United States District Judge**